IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HARVEY LEE SMITH** **PLAINTIFF**

**v.** **No. 4:05CV73-P-A**

**SUNFLOWER COUNTY, ET AL.** **DEFENDANTS**

**MEMORANDUM OPINION**

  This matter comes before the court on the *pro se* prisoner complaint of Harvey Lee Smith, challenging the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed suit. The plaintiff alleges that the defendants denied him access to the court by failing to forward his inmate account information in a timely fashion. Indeed, the plaintiff's federal petition for a writ of *habeas corpus* was initially dismissed because the court did not receive the plaintiff's prison account information. *Smith v. Presley*, 4:02CV42-D-B (N.D. Miss.). The plaintiff did not supply his prison account information; thus the court could not grant his motion to proceed *in forma pauperis*; neither did the plaintiff pay the $5.00 filing fee. As such, the plaintiff's petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 was dismissed without prejudice October 3, 2002.

  The plaintiff then belatedly complied with the court's order by submitting his inmate account information. He then moved the court for reconsideration of its earlier denial of his motion to proceed *in forma pauperis*, and he filed a supplement to that motion. The court denied the plaintiff's motion for reconsideration, even though he technically met the criteria for *in forma pauperis* status. The court found that the plaintiff had not exhausted state remedies, a requirement under 28 U.S.C. § 2254(b)(1). As such, even though the plaintiff qualified to

proceed *in forma pauperis*, had the court granted the *in forma pauperis* motion, the case would immediately have been dismissed for failure to exhaust. In other words, the plaintiff's *habeas corpus* case was fatally flawed from the outset.

The plaintiff claims that the actions of the defendants prevented this court from hearing the plaintiff's *habeas corpus* case. The court, however, accepted the plaintiff's tardy *in forma pauperis* information, examined the plaintiff's *habeas corpus* case, and determined that the he could not proceed, even *in forma pauperis*, because of a procedural defect in his case. Therefore, the plaintiff's claim that the defendants prevented the plaintiff from pressing his claims must fail, and the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of May, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE